## In re Whidden

*Vanya Dugalic,* for joint petitioners Scott L. Whidden and Freedom Financial Solutions LLC.

CHESLOCK, *J.,* February 27, 2006—

### I. FINDINGS OF FACT

(1) Scott L. Whidden is the beneficiary of an annuity owned by Erie Insurance Group and issued by Erie Family Life Insurance Company.

(2) The structured settlement provides payment to petitioner, Scott L. Whidden as follows:

Guaranteed lump sum payment in the amount of $36,750 due payable on December 15, 2001;

Guaranteed lump sum payment in the amount of $41,750 due payable on December 15, 2006;

Guaranteed lump sum payment in the amount of $46,750 due payable on December 15, 2011;

Guaranteed lump sum payment in the amount of $51,750 due payable on December 15, 2016;

Guaranteed lump sum payment in the amount of $56,750 due payable on December 15, 2021;

Guaranteed lump sum payment in the amount of $61,750 due payable on December 15, 2026;

Guaranteed lump sum payment in the amount of $66,750 due payable on December 15, 2031;

Guaranteed lump sum payment in the amount of $71,750 due payable on December 15, 2036; and

Guaranteed lump sum payment in the amount of $76,750 due payable on December 15, 2041.

(3) Scott L. Whidden entered into a purchase agreement with the joint petitioner, Freedom Financial Solutions LLC, its successors or assigns, to purchase a structured settlement as follows: one lump sum in the amount of $51,750 payable on December 15, 2016 and one lump sum payment in the amount of $56,750 payable on December 15, 2021. The purchase agreement between payee, Scott L. Whidden, and the buyer, Freedom Financial Solutions LLC, is dated September 15, 2005.

(4) Payee, Scott L. Whidden, further executed a disclosure statement pursuant to title 40 P.S. §4003 on September 1, 2005.

(5) Payee, Scott L. Whidden, is unwilling to wait the passage of time for the next two lump sum payments

being December 15, 2016 and December 15, 2021 in order to have a down payment for a residence for his family. Mr. Whidden is currently married to Allison L. Whidden and resides at 3 Frable Road, Brodheadsville, PA 18322. They reside together with their two children, Aeryainne, age 6, and Riley, age 5.

## II. DISCUSSION

Following legislative hearings, which disclosed considerable concern about the abuse of transfers of structured settlement payments by citizens of this Commonwealth, the General Assembly has enacted, and the governor signed, the "Structured Settlement Protection Act" on February 11, 2000. The Act provides in pertinent part as follows:

"*Conditions to transfers of structured settlement payment rights*

"*(a) Petition.*—No transfer of structured settlement payment rights shall be effective and no structured settlement obligor or annuity issuer shall be required to make any payment to any transferee of structured settlement payment rights unless the payee has filed a petition requesting such transfer and the petition has been granted by final order or decree of a court of competent jurisdiction based on such court's express written findings that:

. . .

"(3) The payee has established that the transfer is in the best interests of the payee or his dependents.

"(4) The payee has received or expressly waived in a separate written acknowledgment signed by the payee, independent legal advice regarding the implications of

the transfer, including consideration of the tax ramifications of the transfer.

"(5) If the transfer would contravene the terms of the structured settlement:

"(i) the transfer has been expressly approved in writing by:

"(A) the payee, the structured settlement obligor and the annuity issuer, provided, however, that such approval may not be unreasonably withheld and further provided that the structured settlement obligor and the annuity issuer shall be required to consent to the transfer if the transferee has agreed to indemnify the structured settlement obligor and annuity issuer from all liabilities arising from the factoring transaction and compliance or noncompliance with this act and further provided that if at the time the payee and the transferee propose to enter into the transfer agreement a favorable tax result is in effect, then the approval of the annuity issuer and the structured settlement obligor shall not be required; and

"(B) any court or responsible administrative authority that previously approved the structured settlement; and

"(ii) signed originals of all approvals required under subparagraph (i) have been filed with the court from which the authorization of the transfer is being sought and originals or copies have been furnished to the payee, the structured settlement obligor and the annuity issuer." (40 P.S. §4003.)

After carefully evaluating the testimony of the payee, Scott L. Whidden, of the structured settlement agreement, we conclude that it should be approved. Scott L. Whidden indicated to the court that he has obtained the

services of an accountant and/or financial advisor in requesting this transfer. The transfer is requested for down payment of a home to be purchased for the Whidden family and that the home buyer's market is favorable for the purchase of a new home at this time. Given the circumstances as well as the underlying facts contained in the petition, we believe it would be in the best interest of the payee, Scott L. Whidden, to have joint petitioner, Freedom Financial Solutions LLC, purchase two lump sum payments, the first in the amount of $51,750 due payable on December 15, 2016 and the second in the amount of $56,750 due payable on December 15, 2021.

### III. CONCLUSIONS OF LAW

(1) The evidence has established that the transfer is in the best interest of the payee, Scott L. Whidden.

(2) The transfer is approved to Freedom Financial Solutions LLC.

### DECREE

And now, February 22, 2006, it is hereby ordered and decreed that Erie Insurance Group and Erie Family Life Insurance Company are hereby authorized to remit a portion of payee, Scott L. Whidden's structured settlement in one lump sum payment in the amount of $51,750 due payable on December 15, 2016 and one lump sum payment in the amount of $56,750 due payable on December 15, 2021 to Structured Settlement Funding LLC, tax ID no. 37-1497103, P.O. Box 13238, Newark, NJ 07101-3238. The death of the payee, Scott L. Whidden, prior to the due date of the last transferred payment shall

not effect the transfer of the transferred payment from payee to Freedom Financial Solutions LLC and the payee understands that he is giving up his right and the right of his heirs, successors and/or beneficiary to the transferred payments as set forth above.

It is further ordered and decreed that Erie Insurance Group and Erie Family Life Insurance Company are to issue a formal acknowledgment letter of the transfer within 20 days from the receipt of this decree. The formal acknowledgement letter shall be delivered to Freedom Financial Solutions LLC at 200 Congress Park Drive, Suite 201, Delray Beach, FL 33445.